Adolfo **TORRECH NIEVES**, Appellant,

v.

**MARYLAND CASUALTY CO.**, Appellee.

No. 6814.

United States Court of Appeals
First Circuit.

Heard Feb. 10, 1967.

Decided Feb. 28, 1967.

Benicio Sanchez Rivera, San Juan, P. R., with whom Gustavo Adolfo Del Toro was on brief, for appellant.

Enrique Igaravidez, San Juan, P. R., for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

ALDRICH, Chief Judge.

On January 20, 1964 an involuntary petition in bankruptcy was filed against appellant Torrech Nieves and on September, 1, 1964 appellant was duly adjudicated. On November 10, 1964 appellee Maryland Casualty Co., a surety company which had substantially bonded the bankrupt, filed a proof of claim for over $500,000 in payments it had been obliged to make under its bond. It appeared that only a few thousand dollars in payments had been made by appellee prior to the filing of the petition; the rest had been made subsequently. The proof of claim was allowed.

On April 29, 1966 appellant filed a motion asserting that on August 6, 1963 appellant had deposited with appellee the sum of $48,000 as collateral in connection with its undertaking of suretyship; that at said date, and up to within four months of the filing of the petition, appellant owed appellee nothing; that for appellee to be reimbursed out of the $48,000 for claims that it paid thereafter would constitute a preference; wherefore appellee should turn over the said $48,000 to the

trustee, "so that all the creditors may participate in said monies." * The referee denied the motion; the district court dismissed a petition for review, and this appeal followed.

The motion is based upon a misconception. We might agree that appellee had no absolute right to retain the collateral if, at the time of the court's action on the motion, appellee had not yet paid out claims under its obligation of suretyship. Cf. In re Muntz TV, Inc., 7 Cir., 1956, 229 F.2d 228. This would not be, however, because the general creditors were entitled to share equally with appellee in the fund. The transfer of the collateral was not a preference, for it was perfected well before the four months preceding bankruptcy.

Since no contrary cases have been cited to us, we assume that Puerto Rico would hold that a surety may, in consideration of the contract of suretyship, and in order to secure his principal's contingent liability for indemnity, take a security interest in assets of his principal, which interest will prevail over subsequent attaching creditors. Gray v. Travelers Indemnity Co., 9 Cir., 1960, 280 F.2d 549 (assignment). While it is true that Judge Magruder, speaking for the court in Gray, recognized a split of authority as to whether the security interest attached at the moment at which it was purportedly given, or only after an actual claim was made against, or paid by, the surety, the court held the former view to be preferable. We quite agree. A surety, once it assumes the obligation, has no voice or control over when claims will be made against it. If the security agreement is not to be largely illusory it must convey an undefeasible interest at the time it is made. Assuming a valid transfer, we know of no principle of law which makes this impermissible.

In the case at bar there was such a transfer. The only purpose for requiring the payment of the collateral into court would be so that the trustee could ascertain that appellee was not retaining more than it was entitled to, and at the same time divide any balance among the general creditors. · When the motion was filed appellee's collateral was less than enough to meet established obligations secured thereby. It was therefore entitled to the whole of it. No useful purpose would be served in requiring appellee to turn it over to the trustee when the latter would be obliged to repay it immediately.

Affirmed.

---

* In so summarizing the motion we have adverted in part to the petition for review, in which appellant amplified and elucidated the basis of the motion.